**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

KEVIN D. ROY,                                    )
                                                 )
      Plaintiff,                          )
                                                 )
vs.                                              )      CAUSE NO. 2:06-CV-300 PS
                                                 )
ROGELIO DOMIGUEZ, and                            )
CHRISTOPHER McQUILLIN                            )
                                                 )
      Defendants.                         )

**OPINION AND ORDER**

Kevin D. Roy, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant

to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the

action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6)

provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim

upon which relief can be granted. Courts apply the same standard under § 1915A as when

addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove
> no set of facts in support of his claim which would entitle him to relief. Allegations
> of a pro se complaint are held to less stringent standards than formal pleadings
> drafted by lawyers. Accordingly, pro se complaints are liberally construed.

> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only
> two elements: First, the plaintiff must allege that some person has deprived him of a federal
> right. Second, he must allege that the person who has deprived him of the right acted under
> color of state law. These elements may be put forth in a short and plain statement of the
> claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the
> complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent
> than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that
> motive and intent be pleaded generally.

Dockets.Justia.com

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Roy alleges that he was denied due process when he was removed from work release without a written notice or a hearing.  Mr. Roy is a convicted prisoner serving a sentence imposed by state court.  There is no Constitutional liberty or property interest in participation in a work release program.  *See DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments.")

> *Joihner v. McEvers*, 898 F.2d 569 (7th Cir. 1990), concluded that the opportunity to be assigned to a work camp in Illinois (a cousin to work release) creates neither a liberty nor a property interest, so that the due process clause of the fourteenth amendment does not apply.

*DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992).  This court has previously concluded that, "the Indiana work release scheme does not create a protectible entitlement." *Young v. Hunt*, 507 F. Supp. 785, 789 (N.D. Ind. 1981) ("That the state holds out the possibility of work release provides no more than a mere hope that it will be obtained.")  Though *Young* addresses the state work release program (re-codified as IND. CODE 11-10-8 *et seq*.) rather than county work release programs (IND. CODE 11-12-5 *et seq*.), the analysis is the same.  A prison or jail does not need a reason to relocate a convicted inmate, nor is a prisoner entitled to due process before he is relocated. *Sandin v. Conner*, 515 U.S. 472, 485 (1995).

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. 1915A.

2

**IT IS SO ORDERED.**

ENTERED:  September 8, 2006

s/ Philip P. Simon
Philip P. Simon, Judge
United States District Court
