UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| KEVIN D. ROY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:06-CV-300 PS |
| | ) | |
| ROGELIO DOMIGUEZ, and | ) | |
| CHRISTOPHER McQUILLIN | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Kevin D. Roy, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Roy alleges that he was denied due process when he was removed from work release without a written notice or a hearing. Mr. Roy is a convicted prisoner serving a sentence imposed by state court. There is no Constitutional liberty or property interest in participation in a work release program. *See DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments.")

> *Joihner v. McEvers*, 898 F.2d 569 (7th Cir. 1990), concluded that the opportunity to be assigned to a work camp in Illinois (a cousin to work release) creates neither a liberty nor a property interest, so that the due process clause of the fourteenth amendment does not apply.

*DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992). This court has previously concluded that, "the Indiana work release scheme does not create a protectible entitlement." *Young v. Hunt*, 507 F. Supp. 785, 789 (N.D. Ind. 1981) ("That the state holds out the possibility of work release provides no more than a mere hope that it will be obtained.") Though *Young* addresses the state work release program (re-codified as IND. CODE 11-10-8 *et seq*.) rather than county work release programs (IND. CODE 11-12-5 *et seq*.), the analysis is the same. A prison or jail does not need a reason to relocate a convicted inmate, nor is a prisoner entitled to due process before he is relocated. *Sandin v. Conner*, 515 U.S. 472, 485 (1995).

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. 1915A.

**IT IS SO ORDERED.**

ENTERED:  September 8, 2006

                                                                            s/ Philip P. Simon
                                                                            Philip P. Simon, Judge
                                                                            United States District Court